### ULMER & al. *v.* PAINE.

A sum of prize-money, claimed by several owners, having been deposited with an agent, to be kept until it should be " legally determined" to which of them it belonged ; it was holden that no action would lie against the stakeholder until the question of property was first settled among the claimants by a judgment of law.

*Assumpsit* for money had and received to the use of the plaintiffs as owners and outfitters of the private armed schooner *Fame*. At the trial of this action, which was upon the general issue, before WILDE J. at the last *September* term in this county, the plaintiffs gave in evidence a receipt signed by the defendant dated *March* 15, 1815 in the form following;—

" Received of *T. G. Thornton*, Marshal of *Maine*, fourteen hun-
" dred and sixty-one dollars, being the amount claimed by *John*
" *Gleason* and *Charles Pope*, as owners of one share each in the
" private armed schooner *Fame*, which amount is their proportion
" of the prize schooner *Industry* and cargo, as they say, and which
" *I agree to hold, until it is legally determined whether the said sum*
" *belongs in any part or the whole to said Gleason and Pope, or either*
" *of them, or whether it belongs to the other owners*, in consequence
" of the refusal of said *Gleason and Pope* to fit out said schooner
" *Fame* as a privateer :—Also of *Robert G. Shaw* five hundred
" eighty-eight dollars fifteen cents, which together make what is
" estimated to be full two shares of the prize schooner *Industry*

" and cargo, as settled with the other owners, amounting in the
" whole to the sum of twenty hundred forty-nine dollars fifteen
" cents ; subject, however, to any subsequent charges of the at-
" torney for the owners for money paid to lawyers or the other
" persons not before allowed by the marshal."

Signed, <em>John Paine.</em>

It was proved that the privateer was duly registered and com-
missioned, and belonged to the plaintiffs, together with *Charles
Pope, John Gleason* and *Snow Paine ;* who refused to aid in fitting
out the vessel, or to have any share or concern in the risk or
the profits of the cruise ; but caused their vessel to be apprais-
ed, for the purpose of recovering the value, if lost.

It also appeared that the defendant was agent for the owners
and crew of the privateer, and knew the facts respecting the
refusal of *Pope* and *Gleason,* and *Snow Paine* to fit out the vessel
as above mentioned ; and that he had repeatedly declared that
they were entitled to no part of the proceeds of the captured
vessel. The capture of the prize, its condemnation and sale,
and a demand of the money by the plaintiffs on the defendant,
were all regularly proved ; and it appeared that on demand of
the money, no bond of indemnity was offered to the defendant
nor requested by him. But it did not appear that it had ever
been legally settled to whom the prize money above mentioned
belonged, nor that there had ever been any judicial inquiry
into this subject.

Upon this evidence the Judge directed a nonsuit, subject to
the opinion of the whole Court, upon the question whether the
plaintiffs were entitled by law to recover in this action.

*Orr*, for the plaintiffs.

The right of action depends upon the construction of the
writing given by the defendant, who is a stakeholder. All the
events have happened, which were considered and anticipated
when the writing was given. A *suit* was then contemplated, as
appears from his agreement to hold the money till it should be
" legally determined" to whom it belonged :—a suit—not against
the Marshal, for he, by consent of all parties, had paid over
the money to the defendant as their agent ;—nor by one part-
owner against the other, because, upon these facts, no such
action would lie ;—nor by *Pope* and *Gleason* against the other

owners, as is manifest from the terms of the writing, they having agreed to the deposit of the money with the defendant:—but a suit against the defendant by the owners in fact of the prize-money. It is true a stakeholder ought not to be mulcted in costs, unless he voluntarily subjects himself to that liability, which the present defendant has done. The plain intent of the transaction manifestly was that the defendant should stand as party litigant for whom it might concern, and pay over the money to the winner. Nor can it now be objected that a suit in the courts of admiralty jurisdiction was intended; for though the defendant might have limited the remedy to a particular tribunal, yet he has not done this in the present case, but has left it at large, at the election of the claimants. *Kerr v. Osborne,* 9 *East* 378.

*Longfellow,* for the defendant.

Though there may be cases in which a stakeholder may be exposed to the costs of a suit, yet in this case the defendant has not placed himself in that situation. He has merely consented to hold a sum of money deposited in his hands, until it should be determined, by legal process, to which class of the claimants it belonged. The defendant himself pretended *no* title to it.

The question then is, has the event happened, on which the defendant was bound to restore the money? Clearly not, because there has not yet been a " legal determination." Such determination lies at the basis of any claim which the plaintiffs can lawfully set up:—and yet they have founded their action, not on a precedent judgment of law between the adverse claimants, but on a mere demand of the money. If the defendant was bound to restore upon such demand, he was equally bound the instant he received the money. But such a construction as this renders the contract an absurdity. The true intent was, that the defendant should hold the money until the parties should have determined the right to it, by suit among themselves. But no such determination has been had. The remedy by application to the admiralty is still open to all parties, except the defendant; and this remedy will be effectual. Yet the present plaintiffs call upon the defendant to decide this momentous question, and this too, at his own peril. Had it been

intended that he should be a party to the suit, a proviso would doubtless have been inserted in the writing, permitting him to deduct the costs of the process against him;—but the absence of any such provision shews that no action against him was intended.

*Orr*, in reply.

Had the defendant pointed out the jurisdiction which should be resorted to, the plaintiffs would be bound by it. But this he has not done.——He has received money, and promised to restore it to the right owner.

[*Weston J.* Could the defendant have contemplated any other decision than one which would have bound all parties? Now the admiralty may call in all parties, which this Court cannot do. A decision here would leave the defendant still exposed to a suit by *Gleason* and *Pope.*]

*Orr.* This Court is not to be ousted of its jurisdiction without an express engagement to that effect. If the defendant has placed himself in an inconvenient dilemma, the fault is his own. His undertaking is a voluntary agreement to stand between all parties; and he probably considered the use of the money as a compensation for his trouble.

PREBLE J. afterwards delivered the opinion of the Court as follows.

The defendant is the stakeholder of two thousand forty-nine dollars fifteen cents, part of the proceeds arising from the sales of the Schooner *Industry* and cargo prize to the private armed Schooner *Fame.* This amount was paid to the defendant in consequence of a controversy having arisen between the plaintiffs on the one part, who are such of the part-owners of the *Fame* as fitted her out for the cruise, and *Gleason* and *Pope* on the other part, the two remaining part-owners who refused to aid in fitting her out, respecting the claim of *Gleason* and *Pope* to share in the prize money. The defendant, being general Agent for the owners and crew, received the stake, being the amount of the claim in controversy, and by a written memorandum by him signed, agreed to hold it " *until it is legally de-* " *termined whether the said sum belongs in any part or the whole to* " *said Gleason and Pope or either of them, or whether it belongs to*

" *the other owners.*" Without having taken any measures to have it judicially or legally determined to whom the money belonged, the plaintiffs made their demand upon the stakeholder, and, on his declining to pay the money over to them, commenced the present action.

It could not, we think, have been the intention of the parties interested, that *Paine,* by accepting the stake, should subject himself to the expense and vexations of a lawsuit to settle a controversy between the part-owners of the *Fame,*—a controversy in which *Paine* had no interest. Without doubt *Paine* might have assumed this burthen; but we apprehend from a fair construction of his agreement he did not intend so to do. In the case of *Kerr v. Osborne* cited from *East,* the stakeholder received the money by consent of all, but in trust and for the use of the person who might be legally entitled to it. He received it generally,—for the benefit of whomever it might concern. Of course if the party entitled made his demand, and the stakeholder refused to pay, he thereby rendered himself liable in an action for money had and received. In the case at bar the express written stipulation on the part of the stakeholder is to hold the money until it is *legally determined* to whom it belongs. There the stakeholder was to pay or refuse to pay at his peril. Here he is not to pay until the question of property is legally determined. The remedy open to the plaintiffs is plain and adequate. The Court, before whom the decree of condemnation as prize was had, may on proper application cite all the parties in interest before them; and by a supplemental decree legally determine the question of property. *Home v. Camden,* 2 *H. Bl.* 533. The *Dash,* 1 *Mason* 4. That question never has as yet been determined; and that it has not, is the neglect of the plaintiffs. Until it is so determined *Paine* would not be justified in paying over the money.

We are therefore of opinion with the learned Judge who presided in the trial that this action was prematurely brought and accordingly the nonsuit is confirmed.

                       *Motion to set aside the nonsuit overruled.*

*Note.* The Chief Justice, having formerly been of counsel with the defendant in this cause, gave no opinion.